IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00151-NYW

LISCO F. RAY, III,

    Plaintiff,

v.

DR. PETER CRUM,
NURSE VICKY,
DR. CHRISTIAN STOB,
SGT. C. RODRIGUEZ, and
FIRST RESPONDERS JOHN AND JOE DOEs,

    Defendants.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Magistrate Judge Nina Y. Wang

    This matter comes before the court pursuant to the Order to Show Cause dated October 22, 2018. [#54]. Pursuant to the Order of Reference dated November 13, 2018 [#60], this civil action was assigned to this Magistrate Judge for a decision on the merits. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. Accordingly, for the reasons stated herein, the Doe-Defendants and this action are **DISMISSED without prejudice**.

## BACKGROUND

    Plaintiff Lisco F. Ray ("Plaintiff" or "Mr. Ray") initiated this action on January 19, 2018, while he was in the custody of the Denver County Jail. *See generally* [#1]. Following orders to cure deficiencies in his pleading, Plaintiff filed his Second Amended Complaint, the operative pleading in this matter, on May 18, 2018. *See* [#16]. Plaintiff's Second Amended Complaint asserts three claims for violations of his Eighth Amendment rights, claiming that Defendants were deliberately indifferent to his serious medical needs stemming from his severe back injury. *See*

*generally* [*id.*]. Magistrate Judge Gallagher had Plaintiff's Second Amended Complaint drawn to the undersigned Magistrate Judge. *See* [#17].

The docket reflects that the United States Marshals served Defendants Crum and Stob on June 22, 2018, [#25; #26], but could not execute service on the Doe-Defendants and did not have addresses for Defendants Vicky and Rodriguez. *See* [#23; #24]. The court addressed service of Defendants Vicky and Rodriguez as well as the need for Plaintiff to identify the Doe-Defendants to effect proper service on these individuals at the July 10, 2018 Status Conference. *See* [#30]. Also at this Status Conference, Plaintiff informed the court of a new mailing address for the court's use (a private address in Denver, Colorado), *see* [*id.*], but nearly one month later Plaintiff filed a Notice of Change of Address informing the court that all legal mail should be sent to the current address on the docket: P.O. Box 1108, Denver, CO 80201, *see* [#33].

The Parties then appeared for a further Status Conference on September 6, 2018, with Mr. Ray appearing by telephone. *See* [#39]. The court again discussed service on Defendants Vicky and Rodriguez and ordered the United States Marshals to attempt service on these Defendants at the Smith Road location of the Denver County Jail and within the Denver City Attorney's Office, and Mr. Ray informed the court that he did not have any information regarding the identities of the Doe-Defendants. *See* [*id.* at 1-2]. The court also directed Defendants Crum and Stob to re-send a copy of their Motion to Dismiss to Plaintiff at his listed address, directed Plaintiff to respond to Defendants Crum and Stob's Motion to Dismiss by September 28, 2018, and set an additional Status Conference for December 11, 2018. *See* [*id.* at 2].

Since the September 6 Status Conference, the United States Marshals served Defendants Vicky and Rodriguez, *see* [#42; #43], and both Defendants have since filed their own Motions to Dismiss, *see* [#46; #49]. Further, the court continued to mail docket entries to Plaintiff at the P.O.

Box 1108 address without complication. But on October 18, 2018, the court received notice that a copy of its October 2, 2018 Minute Order [#47] had been returned to the court as "undeliverable," marked as "Released." [#52]. This prompted the court to issue the Order to Show Cause for Plaintiff's failure to prosecute and to follow D.C.COLO.LAttyR 5(c) that requires attorneys and unrepresented parties to submit a notice of a change of name, mailing address, or telephone number to the court "no later than five days after the change." *See* [#54]. On October 29, 2018, the court received notice that the Order to Show Cause was returned undeliverable, marked as "Return to Sender. Not Deliverable as Addressed. Unable to Forward." *See* [#59].[1] To date, Mr. Ray has not updated his mailing address with the court as required under the Local Rules and has been unresponsive to current filings, including Defendants Crum and Stob's Motion to Dismiss filed on July 10, 2018.

## ANALYSIS

### I.   Dismissal of the Doe-Defendants

The Doe-Defendants are subject to dismissal without prejudice for Plaintiff's failure to timely serve under Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) of the Federal Rules of Civil Procedure provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because Plaintiff did not name the Doe-Defendants until the filing of his First Amended Complaint [#12], the window for service on these Defendants began to run on March 19, 2018, the date of filing his First Amended Complaint. *See Bolden v. City of Topeka,*

---

[1] On October 29, 2018, the court also received notice that its October 18, 2018 Minute Order had been returned as undeliverable. *See* [#57].

3

*Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006). More than 90 days have passed since the filing of the First Amended Complaint and Mr. Ray has not provided any further identifying information regarding the Doe-Defendants to the court despite several admonishments to do so. Without such information, the United States Marshals have been unable to attempt service on these Doe-Defendants. Accordingly, dismissal without prejudice of the Doe-Defendants appears warranted for failure to timely serve under Rule 4(m). *See Vuolo v. Garfield Cty. Sheriffs*, No. 09-CV-01476-ZLW-KMT, 2010 WL 326320, at *1–2 (D. Colo. Jan. 20, 2010); *cf.* D.C.COLO.LCivR 41.1 (providing for dismissal with or without prejudice for failure to comply with the Federal Rules of Civil Procedure).

## II.   Dismissal for Failure to Prosecute

Local rule of practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

In addition, unrepresented parties are required to file an update notifying the court of a change name, address, or telephone number within five days of such change. D.C.COLO.LAttyR 5(c). The Order to Show Cause informed Mr. Ray that his failure to show cause could result in the court dismissing this action without prejudice for failure to prosecute. As explained, the Order to Show Cause was returned to the court as undeliverable. Nor has Mr. Ray responded to the pending Motions to Dismiss despite multiple Orders directing him to do so—Orders that the court presumes Mr. Ray received because several were not returned to the court. The Order to Show Cause advised Mr. Ray that his failure to respond or participate in this action, including updating

his mailing address with the court which he did previously, would result in dismissal of this action without prejudice.

Even though Mr. Ray proceeds *pro se*, he is still required to comply with the same procedural rules as represented parties. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). This court's multiple attempts to reach Mr. Ray have been unavailing, and there is no way for the court to know whether the Curtis Street address previously provided is Mr. Ray's current mailing address. And Mr. Ray certainly understood that he was required to update his address with the court to continue to pursue this action, because he independently took such action, without court direction. [#33]. In addition, at the Status Conference on September 6, 2018, the court directed defense counsel to send a copy of the Motion to Dismiss [#29] to Mr. Ray, and nothing in the docket from Mr. Ray suggests that he did not receive the motion after the court's order. Therefore, dismissal without prejudice is appropriate for his lack of prosecution and his failure to update the court within five days of changing his address of such change.

## CONCLUSION

For the reasons stated herein, the court **ORDERS** that:

(1) The Doe-Defendants are **DISMISSED without prejudice** for failure to timely serve under Rule 4(m) of the Federal Rules of Civil Procedure;

(2) Plaintiff's Second Amended Complaint [#16] is **DISMISSED without prejudice** pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute as to Defendants Crum, Stob, Vicky, and Rodriguez;

(3) The pending Motions to Dismiss [#29; #46; #49] are **DENIED as moot**;

(4) The Clerk of the Court is **DIRECTED** to **ENTER** Judgment in favor of Defendants Crum, Stob, Vicky, and Rodriguez and against Plaintiff Lisco F. Ray,

5

with each party bearing their own fees and costs, and shall **TERMINATE** this matter accordingly; and

(5)   A copy of this Order shall be sent to Plaintiff at his last known address:

Lisco F. Ray, III
#661976
P.O. Box 1108
Denver, CO 80201

DATED: November 14, 2018                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

6